UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AARON JERMAINE SLOAN, ) <br> ) <br> Defendant. ) <br> ) | Case No. CR05-378-JLR <br><br> PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

## INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on August 4, 2008. The defendant appeared following his arrest on the warrant issued in this case. The United States was represented by Bruce Miyake, and Defendant was represented by Terrance Kellog. Also present was U.S. Probation Officer Michael S. Larsen. The proceedings were digitally recorded.

## CONVICTION AND SENTENCE

Defendant was sentenced on January 22, 2007 by the Honorable James L. Robart for Anthrax Hoax in violation of 18 U.S.C. § 1038(a)(1). He received 24 months of imprisonment and three years of supervised release.

PROPOSED FINDINGS OF FACT AND
DETERMINATION AS TO VIOLATIONS OF
SUPERVISED RELEASE -1

## PRIOR VIOLATION

On September 25, 2007 defendant was arrested for theft. While he was in custody, he made telephonic bomb threats to the Seattle FBI office. On April 7, 2008, the Court revoked defendant's supervised release and sentenced him to time served and 30 months of supervised release. The Court also ordered Mr. Sloan to reside in a Residential Reentry Center (RCC) for up to 180 days as a condition of supervision. On May 9, 2008, Mr. Sloan was released from custody and transported to Pioneer RCC.

## PRESENTLY ALLEGED VIOLATION AND DEFENDANT'S ADMISSION OF THE VIOLATION

In a petition dated May 29, 2008, Supervising U.S. Probation Officer Michael S. Larsen alleged that defendant violated the following conditions of supervised release:

Failing to reside in and satisfactorily participate in a residential reentry center program, by absconding from the program, on or about May 27, 2008, in violation of the special condition ordering him to reside in and satisfactorily participate in a residential reentry center program for up to 180 days or until discharged by the program manager or U.S. probation officer.

Defendant admitted the above violation, waived any hearing as to whether they occurred, and was informed the matter would be set for a disposition hearing before District Judge James L. Robart.

## RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing. The

defendant did not contest detention and was ordered detained pending disposition.

DATED this 4th day of August, 2008.

s/ BRIAN A. TSUCHIDA
BRIAN A. TSUCHIDA
United States Magistrate Judge